SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00322-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ELMER JOSEPH AGUILAR,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role as a local distributor for a remote dispatch drug trafficking organization. Defendant has quickly worked to resolve this case. The plea agreement calls for a joint recommendation of 21 months custody to be followed by five years' supervised release. For the reasons that follow, this sentence is sufficient but not more than necessary to achieve the goals of sentencing.

/ / / /

/ / / /

# I. SENTENCING CALCULATIONS

## A. Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is largely consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG §2D1.1(c)(4) | Total Converted Drug Weight of 3,797.55 Kilograms | BOL = 32 |
| USSG §2D1.1(a)(5) | Mitigating Role Adjustment Applies | BOL = 30 |
| USSG §2D1.1(b)(18) | Safety Valve | -2 |
| USSG §3B1.2(a) | Mitigating Role Adjustment | -4 |
| | **Adjusted Offense Level** | **24** |
| USSG §§4C1.1(a) and (b) | Zero-Point Offender | -2 |
| USSG §3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | **Total Offense Level** | **19** |

PSR ¶¶ 29-38.

Pursuant to the plea agreement, the parties have agreed to a base offense level of 32 based upon a total of 3,000 to 10,000 kilograms of converted drug weight. USSG §2D1.1(c)(4). The parties agree that the courier reduction applies, which reduces the base offense level to 30. USSG §2D1.1(a)(5). The parties agree on a four-level reduction for the defendant's minimal role in the offense as a courier. USSG §3B1.2(a). The parties agree that defendant qualifies for a two-level Safety Valve reduction. USSG §2D1.1(b)(18). The government agrees to recommend a three-level reduction for Acceptance of Responsibility, pursuant to USSG §3E1.1(a) and (b).

The PSR correctly calculates the defendant's criminal history score as zero, establishing a criminal history category of I. PSR ¶ 42. Because the defendant does not have any criminal history points and otherwise meets all of the criteria for the Zero-Point Offender adjustment, the parties have agreed to recommend a two-level downward adjustment. USSG §§4C1.1(a) and (b).

A total offense level of 19 and criminal history category of I produces an advisory guideline range of 30 to 37 months, prior to any variance. The parties have further agreed to a downward variance to the extent necessary to achieve the agreed upon joint sentencing recommendation of 21 months' imprisonment. PSR ¶ 86.

### B. The Recommended Sentence

Pursuant to the plea agreement, the parties jointly recommend a sentence of 21 months' imprisonment to be followed by five years' supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

## II. ARGUMENT

### A. Factual Summary

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 21-24. In summary, defendant operated as a local distributor for a remote dispatch organization.

In June 2026, a DEA confidential informant posing as a drug customer ordered $1,800 worth of methamphetamine from a remote dispatcher using the moniker "Jalisco." After agreeing to the details of the transaction, DEA investigators set up surveillance at the agreed upon deal location. They watched defendant arrive, meet with the informant, and seized drugs from the informant following the deal. The informant indicated defendant had distributed him the drugs which were later confirmed to be 485.4 gross grams of methamphetamine (gross weight includes packaging materials).

In July 2025, Jalisco offered to sell the informant bulk quantities of fentanyl pills. After the informant and Jalisco agreed to the details of the transaction, investigators deployed to the deal location and again watched defendant meet with the informant.

Investigators seized 1,130.7 gross grams of fentanyl pills from the informant. Investigators followed defendant from the meeting, stopped him and arrested him. Defendant provided a post-arrest statement after waiving his Miranda warnings. Defendant admitted his role in the scheme and confirmed that he distributed on behalf of Jalisco.

On May 26, 2026, the defendant agreed to plead guilty to Count 2 of the Indictment.

**B. 21 Months' Imprisonment is Sufficient but Not More Than Necessary**

The parties' plea agreement specifies much of the guideline calculations. The base offense is 32 based upon a total of 3,000-10,00 kilograms of converted drug weight. The parties agree that that four-level courier adjustment applies, and that defendant qualifies for the safety valve reduction. After reductions for acceptance of responsibility and zero-point offender, defendant's adjusted offense level, prior to any variance, is a level 19. The advisory guideline range is 30-37 months' imprisonment.

The parties have agreed to recommend a three-level downward variance for all 3553(a) factors including defendant's early expression of his intent to resolve and resolution without motions or needless delays. The parties agreed to jointly recommend a sentence of 21 months' imprisonment to be followed by five years' supervised release.

The PSR indicates the Judicial Sentencing Information (JSIN) data for other similarly situated defendants. The report notes, "For the 309 defendants (93%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 20 month(s) and the median length of imprisonment imposed was 24 month(s)." The recommended sentence

includes a small reduction from the sentencing norms in light of defendant's expedited resolution.

### C. Forfeiture

Pursuant to the plea agreement, the defendant knowingly and voluntarily forfeits all right, title, and interest in and to any assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including the cellphone device seized at his arrest, which constitute proceeds of defendant's criminal activity; or were used to facilitate defendant's criminal activity in violation of Title 21 United States Code Sections 841(a)(1), (b)(1)(A)(vi), as set forth in Count 2 of the Indictment.

## III. CONCLUSION

Based on the foregoing, the government recommends that this Court impose a sentence of 21 months, followed by a five year term of supervised release, subject to the standard conditions, and order defendant to pay a $100 fee assessment.

Dated: August 19, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney